STEPHEN M. HARBER, STATE BAR #119830
AMY ARSENEAUX EVENSTAD, STATE BAR #305828
McCUNE & HARBER, LLP
515 South Figueroa Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 689-2500
Facsimile: (213) 689-2501
sharber@mccuneharber.com and aevenstad@mccuneharber.com

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHID BERDJIS, M.D., an individual; NAFISEH BERDJIS, an individual; M⬛⬛ B⬛⬛, a minor, by VAHID BERDJIS, M.D., her guardian ad litem; C⬛⬛ B⬛⬛, a minor, by VAHID BERDJIS, M.D., his guardian ad litem,<br><br>Plaintiffs,<br><br>VS.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; and DOES 1-20,<br><br>Defendants. | Case No:  2:22-cv-3216<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S PARTIALLY-REDACTED NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) DIVERSITY AND DEMAND FOR JURY TRIAL; DECLARATION OF AMY A. EVENSTAD, ESQ. IN SUPPORT THEREOF WITH EXHIBITS**<br><br>[Re-Filed as a Redacted Version of ECF Dkt. No. 1 pursuant to Court Order - ECF Dkt. No. 12] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION (hereinafter, "Costco") by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, for the reasons described below:

-1-

1. Costco is the defendant in a civil action pending against it in the Superior Court of California for the County of Los Angeles, entitled <u>VAHID BERDJIS, M.D.; NAFISEH BERDJIS; M[.], B[.], a minor, by VAHID BERDJIS, M.D., her guardian ad litem; C[.] B[.], a minor, by VAHID BERDJIS, M.D., his guardian ad litem, v. Costco Wholesale Corporation; and DOES 1-20,</u> Case Number 30-22STCV07473, filed on or about March 1, 2022. A true and correct copy of the state court Complaint is attached hereto as <u>Exhibit A.</u> The Complaint has been filed in the state court proceeding, and may therefore be exempt from redaction pursuant to FRCP 5.2(b)(3). Nevertheless, out of an abundance of caution, Costco redacts the minors' names in said Exhibit.

2. Counsel for Plaintiffs Vahid Berdjis, M.D., Nafiseh Berdjis, M. B., and C. B. (collectively, "Plaintiffs") served Costco with the Complaint on April 11, 2022. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Application and Order for Appointment of Guardian ad Litem-Civil that Plaintiffs served upon Costco concurrently with service of the Complaint, which appears to have been filed in the state court proceeding, and may therefore be exempt from redaction pursuant to FRCP 5.2(b)(3). Nevertheless, out of an abundance of caution, Costco redacts the minors' names and birthdates in said Exhibit. Costco does not object to such appointment.

3. A true and correct copy of Defendant Costco's Answer to Plaintiffs' Complaint is attached hereto as <u>Exhibit B</u>. Defendant's Answer was timely filed on May 10, 2022. The Answer has been filed in the state court proceeding, and may therefore be exempt from redaction pursuant to FRCP 5.2(b)(3). Nevertheless, out of an abundance of caution, Costco redacts the minors' names in said Exhibit.

## JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by Costco pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a case that could have been commenced in federal court based on the fact that it is a civil action between citizens of different states, and that the amount in controversy exceeds the sum of $75,000, exclusive of interests

and costs.

5.  Both at the time that this action was commenced and at this time, Costco is incorporated in the state of Washington and has its principal place of business in Washington. "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

6.  In accordance with, and pursuant to Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990), if one state does not contain a substantial predominance of corporate operations, courts are to apply the "nerve center" test to determine a corporation's principal place of business. (Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 500 (9th Cir. 2001).) The corporation's principal place of business is then determined by identifying the state "where the majority of the corporation's executives and administrative functions are performed." (Id.) This test is particularly appropriate where a corporation's activities are widespread and its operations are conducted in many states. (Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d at 1094; see also Lurie Co. v. Loew's San Francisco Hotel Corp., 315 F. Supp. 405, 412 (N.D. Cal. 1970); see also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (holding that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters. . . .).)

7.  Here, Costco's employees, sales, production activities, tangible properties, purchases, income, etc. are spread across multiple states and multiple countries and no one state substantially predominates. (See Declaration of Amy A. Evenstad, at ¶ 4.) Costco's headquarters are located in Issaquah, Washington, where its executive officers operate out of. (Id.) The majority of Costco's executive and administrative functions occur in Washington; and, Costco's senior management are located in Washington. (Id.)

8.  "Plaintiff Vahid Berdjis, M.D. is an individual residing in Los Angeles County, California." (See Exhibit A, Complaint, ¶ 1.) "Plaintiff Nafiseh Berdjis is an

individual residing in Los Angeles County, California." (Id. at ¶ 2.) "Plaintiff M[.] B[.] is a minor individual residing in Los Angeles County, California." (Id. at ¶ 3.) "Plaintiff C[.] B[.] is a minor individual residing in Los Angeles County, California." (Id. at ¶ 4.) Thus, all Plaintiffs are natural persons, domiciled in the County of Los Angeles, in the State of California, which, Costco is informed and believes, is the "location where [plaintiffs have] established a fixed habitation or abode…and [intend] to remain there permanently or indefinitely." (Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986).)

9.  Plaintiffs named "DOES 1-20." (Exhibit A, Complaint, at p. 1.) The DOE defendants, however, are disregarded in determining diversity jurisdiction. (See 28 U.S.C. § 1441(b)(1); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998).) Accordingly, complete diversity exists between all Plaintiffs and Costco.

10. In the Complaint, Plaintiffs allege that they experienced injury, severe emotional distress and fear after purchasing, cooking, and consuming Fresh Wild Pacific Halibut on or about March 18, 2021, which contained worms in the product. (Exhibit A, Complaint, ¶¶ 10-13, 28.) Plaintiffs allege that they purchased the Fresh Wild Pacific Halibut from the Costco in San Dimas, California. (Id. at ¶ 10.)

11. In the Complaint, Plaintiffs pray for "damages in an amount of at least $200,000," in addition to the prayer for attorneys' fees, costs, and interest. wherein plaintiff demanded a pre-litigation settlement of $149,000. (Exhibit A, Complaint, p. 9:9-14.)

12. Based on the foregoing, Costco is informed and believes that Plaintiffs are claiming more than $75,000 in damages, thus exceeding the statutory threshold to satisfy the amount in controversy and invoking federal court jurisdiction.

## INTRADISTRICT ASSIGNMENT

12. The state court action was filed in the County of Los Angeles, California, which serves as the basis for assignment to the First Street U.S. Courthouse, located at 350 W. 1st Street., Los Angeles, California, 90012, of the United States District Court, Central District of California, Western Division.

## NOTICE TO PLAINTIFF AND STATE COURT

13. Immediately following the filing of this notice of removal of action, written notice of this filing will be served on Plaintiff and will be filed with the Clerk of the Superior Court for the County of Los Angeles, in accordance with 28 U.S.C. Section 1446(d).

## DEMAND FOR JURY TRIAL

14. Costco demands a jury trial of twelve jurors pursuant to Federal Rule of Civil Procedure 48.

WHEREFORE, Costco prays that the above-entitled action, currently pending in the Superior Court of the State of California, in and for the County of Los Angeles, be removed therefrom to the United States District Court for the Central District of California, Western Division, and that this action proceed in this Court as an action properly removed thereto pursuant to 28 U.S.C. section 1441, et seq.

DATED: May 11, 2022

McCUNE & HARBER, LLP

By: _____
STEPHEN M. HARBER, ESQ.
AMY A. EVENSTAD, ESQ.
Attorneys for Defendant, COSTCO WHOLESALE CORPORATION